[No. 1862.]

HUGHES ET AL. v. GIBSON.

CONTRACTS—SURETIES—EVIDENCE.

A contractor entered into a contract with the owner of land to construct a building for a stipulated consideration, the contractor to furnish all material and work, and gave a bond as security for the performance of the contract. The contractor purchased a lot of brick which were used in the building but which were not paid for, and before completing the work the contractor died and the party who furnished the brick filed a mechanic's lien claim against the property. After the death of the contractor his sureties entered into a contract with the owner whereby in consideration of the payment to them of the balance of the contract price, they agreed to finish the work according to the contract and specially stipulated to indemnify the owner against the lien claim for the brick and any other liens and bills that might afterwards be presented or filed. The lien claimant failed to establish a lien for the brick, but

sued and obtained a personal judgment against the owner for the value of the brick, which judgment was paid. *Held,* that the sureties were liable to the owner for the amount of the judgment, and the fact that they specifically stipulated to pay the lien, if established, did not exclude their liability for the claim in case the lien was not established. And the bond was admissible in evidence in an action against the sureties for the amount of the judgment to show what they had undertaken as bondsmen.

*Appeal from the District Court of Arapahoe County.*

Mr. W. C. Kingsley, for appellants.

Mr. Geo. F. Dunklee and Mr. O. E. Jackson, for appellee.

Thomson, J.

On the 11th day of May, 1892, the appellee and Edward C. Davis entered into a contract whereby the latter agreed to construct a building for the former, furnishing all the material therefor, in accordance with certain plans and specifications referred to in the contract, and to complete the work on or before a time in the contract specified. In addition to the foregoing, the contract contained the following clause: "The contractor, at his own proper costs and charges, is to provide all manner of labor, material, apparatus, scaffolding, utensils and cartage of every description needful for the due performance of the several works; and render all due and sufficient facilities to the architects for the inspection of work and materials." Contemporaneously with the execution of the contract, the appellants, John T. and Josiah Hughes, partners as Hughes Brothers, entered into an obligation in writing whereby they bound themselves to the appellee for the faithful performance by Davis of his contract. On the 1st day of August, 1892, and while the building was incomplete, Davis died. Before his death, Emma Lowitz furnished to the contractor, to be used in the building, brick to the amount of $425, for which she had not been paid. On the 23d day of August, 1892, the appellants agreed as follows with the appellee:

"This memorandum agreement made this 23d day of August, A. D. 1892, by and between B. Gibson, party of the first part, and Hughes Bros., party of the second part:

"Witnesseth, that the said party of the first part agrees to and with the said party of the second part to at once and forthwith pay over to said second party the sum of one thousand dollars, the balance due under a certain building contract made by said first party with one E. C. Davis, and which said second party, as bondsmen and surety for said Davis, have assumed and undertaken to carry out, and which sum is not due until said contract is fully completed; and in consideration of such payment, as aforesaid, the said second party agrees to and with the first party to complete said building under said contract in accordance with the terms of said contract and the plans and specifications thereof. And said second party further agrees and undertakes to hold said first party free and harmless from, and to defend him against, a certain mechanic's lien heretofore filed in the recorder's office of Arapahoe County, Colo., by one Emma Lowitz, said lien being claimed for and on account of brick furnished under said Davis contract, and for the sum of four hundred and twenty-five dollars, and agree that if said lien shall be finally established as a valid lien against the premises of the first party, for any sum, then they will pay and satisfy the same, and further to hold said party of the first part free and harmless and protect and defend him against any and all liens and bills arising out of, under or by virtue of, said Davis contract.

"HUGHES BROS.
"JOSIAH HUGHES."

Lowitz failed to establish her claim as a lien on the property, and on the 21st day of November, 1893, brought suit against the appellee for the value of the brick, and recovered judgment accordingly. The appellee paid the judgment. The appellants undertook the defense of the action, but, after having conducted it for a time, abandoned it.

This suit was brought by the appellee to recover from the

appellants the amount paid by him upon that judgment. The complaint set forth the contract of the plaintiff with Davis, the death of Davis, and the agreement of the defendants with the plaintiff; alleged the payment by him to them of the $1,000 mentioned in that agreement; the furnishing by Lowitz of the brick which was used in the building; the recovery of judgment by her against him upon her claim, which, as averred, arose out of the contract of Davis; the partial defense by the defendants of the action in which the judgment was recovered; their abandonment of their defense; and their refusal to reimburse him. The answer admitted the agreement of the defendants with the plaintiff, the payment to them of $1,000 by the plaintiff, and their refusal to refund to him the money he paid on the judgment; and denied all the other allegations of the complaint. Judgment was rendered for the plaintiff, and the defendants appealed.

The evidence produced by the plaintiff supported the allegations of his complaint, and, in so far as the facts are concerned, we are concluded by the judgment. Over the objection of the defendants, the court allowed the plaintiff to introduce the writing executed by the defendants, by which they bound themselves to the plaintiff for the performance by Davis of his contract. The grounds of the objection were that it was not mentioned or alluded to in the complaint, and was incompetent, irrelevant and immaterial. It was referred to in the contract of the defendants with the plaintiff, which was incorporated into, and made part of, the complaint; so that the objection, of that pleading saying nothing concerning it, is not tenable. For reasons which will appear hereafter, we think it was competent, relevant and material, and was properly received.

The contention for the defendant is, that as at the time they made their contract with the plaintiff, all parties knew that Lowitz was asserting a lien against the property by virtue of the contract of Davis, and also knew that there were possibly other outstanding claims which might ripen into liens, the only interpretation which the contract will bear is

that the defendants undertook merely to indemnify the plaintiff against the specific lien of Lowitz, provided it should be established, and any liens or bills which might thereafter be presented or filed by other parties under the Davis contract. Of course, if this construction is to be adopted, the plaintiff must fail, because Lowitz did not establish her lien; so far as it was concerned, the defendants only bound themselves to satisfy it in case it should be established; and the claim upon which judgment was finally recovered was the same claim for which she sought a lien. But whether the agreement will admit of such a construction or not, it is certainly capable of another construction; and, to ascertain the intention of the parties, which must control if not inconsistent with the terms of the instrument, necessitates a review of the entire transaction, of which this agreement forms a part.

By the contract between Davis and the plaintiff, the former undertook to furnish all the material and labor necessary for the construction of the building at his own cost. By the terms of the agreement of the defendants with the plaintiff, they, as bondsmen and sureties for Davis, undertook to carry out the contract between Davis and the plaintiff. It is evident from this that it was not the intention of the parties that the defendants should be released from any of the conditions of their bond; and that the purpose of the agreement was to further assure the performance by them of their undertaking as bondmen and sureties. What they undertook as bondsmen, their bond would show, and it was therefore properly in evidence. By that instrument they bound themselves for the faithful performance of the work by Davis in strict accordance with the terms of his contract; and in their agreement with the plaintiff they recognized their obligation, and reaffirmed it. One of the provisions of the contract with Davis was that all the material and labor required for the building should be provided at his cost. To carry out his contract he must pay for all this material and labor, and the plaintiff must be subjected to no expense on account of

the work. A failure on his part to make the payments provided for, would be a violation of the terms of his contract; and if, for any reason, the unpaid claims should become a charge either against the plaintiff or his property, and should be satisfied by him, the defendants were bound by their obligation to refund his outlay.

The judgment recovered by Lowitz was not against the property, but against the plaintiff. Her lien had failed, and she resorted to a personal action. The fact that judgment was recovered, is conclusive that, in some way, the plaintiff had made himself personally responsible for the debt. It is clear that the material for which the indebtedness was incurred, was furnished to the contractor, and that he did not pay for it. How the plaintiff became personally liable for the debt of his contractor, the record does not disclose. Lowitz may have refused to deliver the brick to the contractor, except upon the promise of the plaintiff to pay for it. As the brick was bought by the contractor, the plaintiff must, in some way, have become surety for him, otherwise the judgment could not have been recovered. There is no reason why, for the purpose of facilitating the work, the plaintiff should not have guaranteed payment by the contractor, nor would the guaranty lessen the obligation of the latter, under his contract, to make the payment, or be a defense to the bondsmen if he did not.

Upon the death of Davis, these defendants having made themselves responsible for the performance by him of his contract, undertook, for their own protection, to complete it; and the purpose of their agreement with the plaintiff was to enable them to receive the balance of $1,000 in advance of the time when it was payable, for performing themselves, what they had covenanted Davis should perform. By the terms of their agreement, it was as his bondsmen, that they undertook to carry out his contract; and to exempt them from liability upon their bond, they must do everything that Davis had agreed to do. The fact that their contract specifically mentioned the lien of Lowitz, and provided for its discharge by

them only in case it was finally established, has no special significance. To give that provision the effect which is claimed for it, would be to nullify other portions of their agreement, and ignore the intention of the parties which the agreement plainly indicates, and which is clearly apparent throughout the entire transaction. In the light of this intention, the promise of the defendants, following the stipulation respecting the lien, to protect the plaintiff against all liens and bills arising out of the Davis contract, embraced the bill upon which the judgment was recovered. It was not intended to be confined to liens and bills which might afterwards be presented or filed by parties other than Lowitz. The language is comprehensive; its letter would embrace every just and valid claim, whether a lien or not, by whomsoever held, arising out of the contract with Davis; and to bring it into harmony with the remainder of the agreement in which it occurs, and make it express the intention of the parties as that appears from the agreement, and from the entire transaction of which that instrument was only one of the features, it must be so interpreted. At the time this agreement was written, Lowitz was asserting her claim in the form of a lien, and this probably explains why it received special mention. Such mention was, perhaps, unnecessary; but to apply the maxim, *expressio unius, exclusio alterius*, as counsel insists, would be to do violence to the contract as a whole.

The debt for which the judgment against the plaintiff was recovered, was one which Davis, by his contract, had agreed to pay; the defendants bound themselves to the plaintiff for the performance of that contract; by their subsequent agreement, they restated and reaffirmed their obligation; and we know of no way by which they can escape liability.

The judgment is affirmed.

*Affirmed.*